## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ANDREA BIGELOW, on her own behalf and on
behalf of those similarly situated,**

      **Plaintiff,**

**vs.**                                      **Case No.:**

**SYNEOS HEALTH, LLC, a Foreign Limited
Liability Company,**

      **Defendant.**
_____/

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREA BIGELOW, on her own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), hereby files her Class Action Complaint against Defendant, SYNEOS HEALTH, LLC., a Foreign Limited Liability Company ("SH" or "Defendant") and alleges as follows:

### INTRODUCTION AND CLASS DEFINITION

1.      This is a class action brought pursuant to the Family Medical Leave Act ("FMLA") at Section 29 U.S.C. § 2601 *et. al.*

2.      Defendant is liable for FMLA interference and/or retaliation based upon its uniform and common policies and procedures of negatively utilizing and considering protected FMLA leave and absences by employees, against said employees with regard to career advancement and pay opportunities.

3.      The purported class sought to be certified is defined as:

Any and all employees who worked for Defendant during the relevant limitations period who were denied promotions, pay increases, and/or suffered any adverse

employment action, as a result of her/his/their prior or anticipated use of protected FMLA leave during her/his/their employment.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

5.      Venue is proper in the Court because all facts material to all claims set forth herein occurred in St. Johns County, Florida.

## PARTIES

6.      At all times material to this action, Defendant was a foreign limited liability company that conducted business in, among others St. Johns County, Florida.

7.      Plaintiff worked for Defendant in St. Johns County, Florida.

## GENERAL ALLEGATIONS

8.      Defendant holds itself out to the public through its website as follows:

"Syneos Health is the the only fully integrated biopharmaceutical solutions organization. Our company, including a Contract Research Organization (CRO) and Contract Commercial Organization (CCO), is purpose-built to accelerate customer performance to address modern market realities. Created through the merger of two industry leading companies – INC Research and inVentiv Health – we bring together more than 21,000 clinical and commercial minds with the ability to support customers in more than 110 countries. Together we share insights, use the latest technologies and apply advanced business practices to speed our customers' delivery of important therapies to patients."

9.      Defendant employs in excess of twenty-two thousand (22,000) employees throughout the world with thousands of FMLA eligible employees working throughout the United States at any given time.

10.      Plaintiff has worked for Defendant from July 10, 2017, through current, in the capacity of a "Clinical Operations Lead."

11.     While Plaintiff telecommutes from her home in St. Johns County, Florida, she reports directly to Defendant's headquarters in North Carolina, which is considered her home office for FMLA purposes.

12.     At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff reported, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

13.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated FMLA leave for the birth of her child; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her right to FMLA leave.

14.     Plaintiff utilized FMLA leave for the birth of her child from April 1, 2019, through May 28, 2019.

15.     Upon the conclusion of her FMLA leave, Plaintiff returned to work without consequence at that time, and commenced her job duties and responsibilities without issue.

16.     However, in August 2019, Plaintiff discovered that Defendant promoted one of her male peers, who had not recently utilized FMLA, into a position of Senior Clinical Operations Lead.

17.     Plaintiff was as qualified, if not more qualified, than this non-FMLA protected male peer to receive the same promotion, but Plaintiff was never contacted, notified, nor considered for, the promotion.

18.     On August 30, 2019, Plaintiff met with Defendant's management, during which time she inquired as to why she was not considered and/or notified of the promotion opportunity.

19.     At this time, and in response to Plaintiff's inquiry, Defendant's management explained that it was Defendant's company policy that, if employees are/were on FMLA leave in the year and/or during the time promotions are made available and/or considered, said employee is not eligible and/or considered for said promotion because of his/her/their use of FMLA leave.

20.     To that end, Defendant's management corroborated that Defendant uniformly and negatively considered its employees' use of FMLA leave in making promotion decisions, pay decisions, and/or taking adverse employment actions against with regard to its employees.

21.     The FMLA strictly prohibits employers from discriminating or retaliating against an employee for asserting her rights under the Act.

22.     Further, an employer may not consider an employee's use of FMLA leave as "a negative factor in employment actions such as hiring, ***promotions,*** or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies." 29 C.F.R. § 825.220(c) (emphasis added).

23.     Defendant's management's statements regarding employees' use of FMLA leave and the effect same had on said employees' promotions violates the foregoing FMLA regulation.

24.     Shocked by what was being said to her and the fact that she was penalized in her career advancement based on her use of FMLA leave, Plaintiff emailed Defendant's management on September 9, 2019, asking for a description of the factors ***other than her FMLA leave*** that were used in excluding her from the opportunity of a promotion.

25.     On September 13, 2019, Plaintiff met with Defendant's management once again to discuss her concerns.

26.     During this conversation, Defendant's management once again confirmed that it was Defendant's company policy that Plaintiff and others could not be considered for a promotion during a year or during such time as she/he/they "are not working and are/were on [FMLA] leave."

27.     Plaintiff objected to this statement and corroboration of Defendant's illegal practice, notified Defendant's management that it was illegal for management to use her FMLA against her as part of the promotion process within Defendant's company, and further escalated the issue to Defendant's Human Resources department.

28.     Shockingly, on September 27, 2019, Defendant's Human Resources Manager confirmed that it was Defendant's policy that Plaintiff and others were not eligible for promotion within the company, if they utilized FMLA in the year the promotion was available, and/or during the time the promotion was available.

29.     Plaintiff, and numerous other employees, have been damaged by Defendant's illegal FMLA practices in this regard in the form of lost promotions, lost career opportunities and advancement, and lost pay/wages.

30.     Based on the foregoing statements from Defendant's management and Human Resources, Defendant utilizes the same policies and procedures with regard to penalizing employees for their FMLA use, companywide.

31.     As a result of the foregoing, Defendant interfered with Plaintiff's and putative class members' FMLA rights.

32.     Further, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff and putative class members for her/their use of protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

33.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff and the putative class members who likewise were subjected to these illegal practices, are entitled to liquidated damages.

34.     Plaintiffs has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff sues under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the FMLA, on behalf of herself, and for the defined class of employees above.

36.     The persons in the Class ("Class Members") are so numerous based on the sheer size of Defendant's workforce, that joinder of all members is impracticable as there are, upon information and belief, thousands of employees affected by this practice during the relevant limitations period.

37.     There are questions of law and fact common to the Class Members, namely:

(a) Whether the Class Members were employees of Defendant within the United States? and

(b) Whether Defendant negatively considered an employee's use of FMLA in taking adverse employment actions such as, among others, decisions involving promotions, pay increases, and career opportunities?

38.     The named Plaintiff's claims are typical of the claims of the Class, as Defendant has uniformly and negatively considered the use of FMLA by its employees during her/his/their employment.

39.     The named Plaintiff will fairly and adequately protect the interests of the class.

6

40.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of FMLA litigation – where the named Plaintiff and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

42.     Defendant has acted on grounds that apply generally to the class.

## COUNT I- FMLA INTERFERENCE

43.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41, above.

44.     At all times relevant hereto, Plaintiff and all putative class members was/were protected by the FMLA.

45.     At all times relevant hereto, Plaintiff and all putative class members was/were protected from interference under the FMLA.

46.     At all times relevant hereto, Defendant interfered Plaintiff and all putative class members by negatively considering her/their FMLA use against them with regard to employment decisions within the company.

47.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff and all putative class members exercising her/their rights pursuant to the FMLA, Plaintiff and all putative class members has/have suffered damages and incurred reasonable attorneys' fees and costs.

48.     As a result of Defendant's willful violation of the FMLA, Plaintiff and all putative class members is/are entitled to liquidated damages.

## COUNT II- FMLA RETALIATION

49.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41, above.

50.     At all times relevant hereto, Plaintiff and all putative class members was/were protected by the FMLA.

51.     At all times relevant hereto, Plaintiff and all putative class members was/were protected from retaliation under the FMLA.

52.     At all times relevant hereto, Defendant intentionally retaliated against Plaintiff and all putative class members by negatively considering her/their FMLA use against them with regard to employment decisions within the company.

53.     As a result of Defendant's willful and unlawful acts by retaliating against Plaintiff and all putative class members exercising her/their rights pursuant to the FMLA, Plaintiff and all putative class members has/have suffered damages and incurred reasonable attorneys' fees and costs.

54.     As a result of Defendant's willful violation of the FMLA, Plaintiff and all putative class members is/are entitled to liquidated damages.

55.     Defendant acted with the intent to retaliate against Plaintiff and all putative class members, because Plaintiff  and all putative class members exercised her/their right to take approved leave pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award the following relief:

8

(a)     Awarding all damages available under the FMLA sustained as the result of Defendant's illegal actions relating to the FMLA;

(b)     Awarding an equal award of liquidated damages available under the FMLA;

(c)     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the FMLA, Plaintiff and all putative class members constitute a single class;

(d)     Designation of Plaintiff, Andre Bigelow as the Class Representative;

(e)     Appointment of the undersigned attorneys as Class Counsel;

(f)     Interest as allowed by law on the amounts owed under the preceding paragraphs;

(g)     The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurred in prosecuting this action, as authorized by the FMLA; and

(h)     Such other and any other additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

Dated this 7th day of October 2019.

Respectfully submitted

**By:/s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiffs*